### WHITNEY & al. versus BATCHELDER.

A creditor to whom the debtor has made a conveyance of land, absolute in its terms, is not bound to account for its value toward the debt, if the conveyance was, at the time, intended by the parties to operate merely as collateral security.

In a suit for the recovery of the debt, such a conveyance, given and received as collateral security, cannot be sustained by the defendant as a payment.

Parole evidence, in such a suit, is admissible to show that the land was conveyed, not as a payment, but as collateral security.

ASSUMPSIT, upon a promissory note of $300, brought against the maker.

Documentary and parole evidence was offered for the adjudication of the court, who were, by agreement of parties, to render judgment upon nonsuit or default, as the legal right should require.

So far as any facts were considered by the court as proved, and deemed material, they are adverted to, and the effect of them presented in the decision.

*W. G. Crosby,* for the plaintiffs.

*Williamson,* for the defendant.

1. Parole evidence is not admissible to show any trust or condition in a deed. *Flint* v. *Sheldon,* 13 Mass. 443.

The papers speak for themselves, and admit the consideration, and the parole testimony should not control the documentary evidence.

The receipt in the deed cannot be contradicted by parole evidence. *Steele* v. *Adams,* 1 Maine, 1.

2. A writing, not under seal, does not operate as a mortgage or defeasance. *Kelleran* v. *Brown,* 4 Mass. 443; *Laud* v. *Laud,* 1 N. H. 39; *Ranlet* v. *Otis,* 2 N. H. 167.

3. The land, if of sufficient value, paid the debt. *Fales* v. *Reynolds,* 14 Maine, 89.

It must be so considered, unless the land was restored.

WELLS, J. — The defendant contends that the debt claimed has been satisfied by a conveyance of real estate, made by him to the plaintiffs.

On the thirty-first of May, 1848, the defendant did convey to the plaintiffs certain real estate by an absolute deed, and at the same time gave to them two promissory notes, one payable in June then next, for $300, and the other on or before the fifteenth of August then next, for $178. At the same time the plaintiffs gave to the defendant a writing, not under seal, reciting the consideration of the conveyance as being four hundred and seventy-eight dollars, and agreeing to re-convey the premises upon the payment of three hundred dollars in June then next, and one hundred and seventy-eight dollars on or before the fifteenth of August then next.

There is nothing in the written evidence, which indicates that the land was received in payment of the debt, but if any inference can be drawn from it, in relation to the connection between the deed and the debt, such inference is, that the land was conveyed as collateral security for the debt.

A debt may be paid in land as well as in money, and when so done, and the debtor is again called upon for payment, he may prove that the consideration of the conveyance was the discharge of his debt. The acknowledgment of satisfaction of the consideration of the deed by the grantor is not inconsistent with the fact that such consideration was paid by the discharge of a debt, which the grantee had against him. And as parole evidence may be admitted for such purpose, so it may be to repel the inference of payment, and to show that the land was conveyed as collateral security.

By the testimony introduced by the plaintiffs it appears, that the land was conveyed merely as collateral security, and that it was expressly agreed not to be in payment of the debt. This evidence does not affect the deed, or in any respect change its absolute character, nor is it offered for that purpose, but to repel the allegation that the debt has been paid by the conveyance.

If an absolute deed of land is given as collateral security for a debt, the law does not say it shall be considered as a payment of the debt, in direct opposition to the agreement of the parties. Such an arrangement is not repugnant to the provisions of the law, whatever inconvenience may arise from it, and creates no bar to the recovery of the debt. *Woodman* v. *Woodman*, 3 Greenl. 350.

In *Fales* v. *Reynolds*, 14 Maine, 89, the court considered the facts as proving that the land was conveyed in satisfaction of the debt *pro tanto*.

If the defendant had paid the money according to the terms of the writing given to him, he would have been entitled in equity to a re-conveyance of the land. Whether the

reception of the money recovered in this suit by the plaintiffs would enlarge the time for performance by the defendant, it is not necessary to decide in this action, nor will it become so hereafter, for the plaintiffs declare their willingness to re-convey the land upon payment of their debt.

*A default must be entered.*